# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 11:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT L.J.

Steven J. Halbert
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Involuntary Termination of the Parent-Child Relationship of J.J.-G. (Minor Child),

and

L.J. (Mother) and J.G. (Father),

*Appellants-Respondents,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

April 30, 2019

Court of Appeals Case No.
18A-JT-2591

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Scott Stowers, Magistrate

Trial Court Cause No.
49D09-1712-JT-1258

**Crone, Judge.**

[1] L.J. ("Mother") appeals the trial court's order involuntarily terminating her parental rights to her minor child, J.J.-G. ("Child"). We affirm.

[2] Child was born in 2011. In September 2015, the Indiana Department of Child Services ("DCS") filed a petition alleging that Child was a child in need of services ("CHINS") because Mother "had untreated mental health issues" and Child's father, J.G. ("Father"), "had not successfully demonstrated the ability and willingness to appropriately parent the child." Appealed Order at 1. In December 2015, the trial court held a factfinding hearing at which only Mother appeared. Mother admitted that Child was a CHINS, and the court so found. The court set another factfinding hearing for January 2016. At that hearing, Father appeared by counsel, who waived Father's right to a factfinding. The court continued to find Child to be a CHINS. In December 2017, DCS filed a petition to terminate Mother's and Father's parental rights. In September 2018, after a hearing, the court issued an order granting the petition.

[3] Mother now appeals, claiming that she was denied due process because the trial court found Child to be a CHINS before Father had an opportunity to contest the allegations in the CHINS petition.[1] Because Father ultimately waived any challenge to the petition, Mother cannot demonstrate that she was prejudiced and therefore cannot demonstrate that she is entitled to reversal. Consequently,

---

[1] Father does not participate in this appeal.

we affirm. *See* Ind. Appellate Rule 66 ("No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").[2]

[4]     Affirmed.

Bradford, J., and Tavitas, J., concur.

---

[2] Mother alleges other procedural irregularities to which she did not object and for which she has demonstrated no resulting prejudice.